**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000499
31-MAY-2013
08:53 AM**

NO. CAAP-12-0000499

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WILLIAM WOLF, Plaintiff-Appellant, v. LORETTA FUDDY, in her official capacity as Director of the Department of Health, State of Hawai'i, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-002276 GWBC)

SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Plaintiff-Appellant William Wolf (Wolf) timely appeals from (1) the "Final Judgment as to All Claims and All Parties," which was entered on April 25, 2012 in the Circuit Court of the First Circuit (Circuit Court)[1] in favor of Defendant-Appellee Loretta Fuddy (Fuddy), in her official capacity as Director of the Department of Health (DOH), State of Hawai'i, as to Wolf's claims that he is entitled to access all birth records of President Barack Hussein Obama, II (President Obama); (2) the April 25, 2012 "Order Denying Plaintiff's Motion for Summary Judgment, Filed on December 20, 2011;" and (3) the January 27, 2012 "Order Granting Motion to Dismiss Complaint to Compel Agency to Disclose Public Records Under the Uniform Information Practices Act (UIPA), Filed on September 30, 2011."

---

[1]     The Honorable Gary W.B. Chang presided.

Wolf argues that the Circuit Court erred in dismissing his complaint and denying his motion for summary judgment because (1) Hawaii Revised Statutes (HRS) § 338-18 does not bar access to an individual's birth records when that individual waives his or her right to confidentiality; (2) the Hawai'i Uniform Information Practices Act (UIPA) (Modified), HRS § 92F, provides for access by Wolf to the requested records based on the statute's rules of construction and purpose; and (3) the federal constitution prohibits any state law or state action which denies or obstructs access to a current president's birth records.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve Wolf's points of error as follows:

(1) As acknowledged by Wolf, the plain text of HRS § 338-18 (2010 and Supp. 2012) prohibits the DOH from disclosing President Obama's birth records to Wolf because he does not fit into any of the provision's enumerated categories. The statute sets forth a general rule that vital statistics records may not be disclosed except to individuals who have a direct and tangible interest in the records. HRS § 338-18; Justice v. Fuddy, 125 Hawai'i 104, 109, 253 P.3d 665, 670 (App. 2011); see also Haw. Op. Att'y Gen. OIP Opinion Letter No. 90-23, 1990 WL 482371, at *2 (June 28, 1990). It then affirmatively grants the right of access to certain categories of individuals who, by their status, are considered to have direct and tangible interest in the documents. HRS § 338-18. These provisions do not discuss any right or privilege that the registrant can "waive" such that the general public becomes entitled to access the registrant's records. Rather, they create an affirmative right of access in certain categories of individuals. Thus, a waiver of the registrant's right created by the statute would merely relinquish the registrant's own right of access to the record. Therefore, President Obama's public disclosure of his birth records does

2

nothing to loosen the strictures of the statute. Accordingly, the court rejects Wolf's argument that HRS § 338-18 does not apply to bar his access to the requested birth records.

(2) Wolf's argument that HRS § 92F-2(5) (2012) overrides HRS § 92F-13(4) (2012) lacks persuasive power because he cites no authorities in support of his implicit contention that a statute's purpose or rule of construction can negate the explicit terms of the statute. To the contrary, courts have rejected such arguments. See, e.g., Matter of Estate of Allen, 388 N.W.2d 705, 707 (Mich. Ct. App. 1986) (rejecting party's contention that a statutory rule of construction negated an express provision of the state probate code that explicitly authorized a transfer challenged by the party). Further weighing against Wolf's interpretation, rules of construction are designed to resolve questions of ambiguity, not create them. See U.S. v. Rice, 327 U.S. 742, 752-53 (1946). To the extent that there is a conflict between HRS § 92F-2(5) and HRS § 92F-13(4), a well-accepted principle of statutory construction favors the specific statute (here, HRS § 92F-13(4), which provides a clear, detailed rule) over the general (HRS § 92F-2(5), which sets forth a more amorphous balancing test). See Mahiai v. Suwa, 69 Haw. 349, 356, 742 P.2d 359, 366 (1987).

(3) The court has a duty to determine whether Wolf has standing to bring his purported constitutional claim because, if Wolf lacks standing, he may not invoke the court's jurisdiction. See Akinaka v. Disciplinary Bd. of Hawai'i Supreme Court, 91 Hawai'i 51, 55, 979 P.2d 1077, 1081 (1999). Here, Wolf cannot show that he has suffered a distinct and palpable injury because he merely alleges a harm to his interest in the proper application of the Constitution and laws, which is a general interest common to all members of the public, and he seeks relief that no more directly and tangibly benefits himself than it does the public at large. See Berg v. Obama, 574 F.Supp.2d 509, 517 (E.D. Pa. 2008). Further supporting this determination, numerous courts have concluded that private citizens lack standing to

bring claims based on the presidential eligibility clause of the federal constitution where there is no showing of particularized harm. See, e.g., id. at 517-21; Sibley v. Obama, 866 F.Supp.2d 17, 20 (D.D.C. 2012); Hollander v. McCain, 566 F.Supp.2d 63, 71 (D.N.H. 2008); cf. Barnett v. Obama, No. SACV 09-0082, 2009 WL 3861788, at *8-10 (C.D. Cal. Oct. 29, 2009) (differentiating between competing candidates for the presidency and members of the general public as regards whether the types of plaintiffs had standing to bring a claim under the presidential eligibility clause). Given Wolf's failure to demonstrate that he has suffered a particularized injury related to his lack of access to President Obama's birth records, he lacks standing to bring such a claim.

Therefore,

IT IS HEREBY ORDERED that the Circuit Court of the First Circuit's "Final Judgment as to All Claims and All Parties" entered on April 25, 2012; the April 25, 2012 "Order Denying Plaintiff's Motion for Summary Judgment, Filed on December 20, 2011;" and the January 27, 2012 "Order Granting Motion to Dismiss Complaint to Compel Agency to Disclose Public Records Under the Uniform Information Practices Act (UIPA), Filed on September 30, 2011" are affirmed.

DATED: Honolulu, Hawaiʻi, May 31, 2013.

On the briefs:

William Wolf,
Plaintiff-Appellant, pro se.

Heidi M. Rian and
Jill T. Nagamine,
Deputy Attorneys General,
for Defendant-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4